UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATTHEW HOPKINS,<br><br>    Plaintiff,<br><br> v.<br><br>1LIFE HEALTHCARE, INC., AMIR DAN RUBIN, PAUL R. AUVIL, MARK S. BLUMENKRANZ, BRUCE W. DUNLEVIE, KALEN F. HOLMES, DAVID P. KENNEDY, FREDA LEWIS-HALL, ROBERT R. SCHMIDT, SCOTT C. TAYLOR, SB MERGER SUB, INC., and IORA HEALTH, INC.,<br><br>    Defendants. | Case No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. On June 6, 2021, 1Life Healthcare, Inc.'s ("1Life" or the "Company") Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with SB Merger Sub, Inc. ("Merger Sub"), and Iora Health, Inc. ("Iora").

2. Under the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Iora, with Iora surviving as a wholly-owned subsidiary of 1Life; and (ii) 1Life will issue a number of shares of 1Life common stock to the stockholders of Iora (the "Proposed Transaction").

3. On July 16, 2021, defendants filed a prospectus (the "Prospectus") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Prospectus omits material information with respect to the Proposed Transaction, which renders the Prospectus false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Prospectus.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of 1Life common stock.

9. Defendant 1Life is a Delaware corporation and a party to the Merger Agreement. 1Life's common stock is traded on the NASDAQ, which is headquartered in New York, New York, under the ticker symbol "ONEM."

10. Defendant Amir Dan Rubin is President, Chief Executive Officer, and Chairman of the Board of the Company.

11. Defendant Paul R. Auvil is a director of the Company.

12. Defendant Mark S. Blumenkranz is a director of the Company.

13. Defendant Bruce W. Dunlevie is a director of the Company.

14. Defendant Kalen F. Holmes is a director of the Company.

15. Defendant David P. Kennedy is a director of the Company.

16. Defendant Freda Lewis-Hall is a director of the Company.

17. Defendant Robert R. Schmidt is a director of the Company.

18. Defendant Scott C. Taylor is a director of the Company.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Individual Defendants."

20. Defendant Iora is a Delaware corporation and a party to the Merger Agreement.

21. Defendant Merger Sub is a Delaware corporation, a wholly-owned subsidiary of 1Life, and a party to the Merger Agreement.

## SUBSTANTIVE ALLEGATIONS

*Background of the Company and the Proposed Transaction*

22. 1Life is a membership-based and technology-powered primary care platform with digital health and in-office care.

23. The Company is the administrative and managerial services company for the affiliated One Medical physician-owned professional corporations that deliver medical services in-office and virtually.

24. On June 6, 2021, 1Life's Board caused the Company to enter into the Merger Agreement.

25. Under the terms of the Merger Agreement, among other things: (i) Merger Sub will merge with and into Iora, with Iora surviving as a wholly-owned subsidiary of 1Life; and (ii) 1Life will issue a number of shares of 1Life common stock to the stockholders of Iora.

26. According to the press release announcing the Proposed Transaction:

1Life Healthcare, Inc. (One Medical) (Nasdaq: ONEM), a leading human-centered and technology-powered primary care organization, today announced it has entered into a definitive agreement to acquire Iora Health, a human-centric, value-based primary care group with built-for-purpose technology focused on serving Medicare populations, in an all-stock transaction valued at approximately $2.1 billion. . . .

Leadership and Governance

A designee of Iora Health will join the One Medical Board and Rushika Fernandopulle will become One Medical's Chief Innovation Officer.

Transaction Details

Under the terms of the agreement, Iora Health shareholders will receive 56.1 million shares of One Medical common stock. Based on the closing share price of One Medical's common stock of $35.59 on June 4th, 2021, the total transaction is valued at approximately $2.1 billion. Upon completion of the transaction, Iora Health shareholders are expected to own approximately 26.75% of the combined company.

The transaction is expected to close in late Q3 or Q4 of 2021 and is subject to customary closing conditions, including approval by One Medical and Iora Health stockholders and receipt of regulatory approval.

Advisors

Morgan Stanley & Co. LLC served as exclusive financial advisor to One Medical and Cooley LLP served as legal advisor. Credit Suisse served as exclusive financial advisor to Iora Health and Skadden, Arps, Slate, Meagher & Flom LLP served as legal advisor.

***The Prospectus Omits Material Information, Rendering It False and Misleading***

27. Defendants filed the Prospectus with the SEC in connection with the Proposed

Transaction.

28. As set forth below, the Prospectus omits material information.

29. First, the Prospectus omits material information regarding the Company's and Iora's financial projections.

30. The Prospectus fails to disclose: (i) all line items used to calculate the projections; and (ii) a reconciliation of all non-GAAP to GAAP metrics.

31. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

32. Second, the Prospectus omits material information regarding the analyses performed by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley").

33. With respect to Morgan Stanley's Discounted Future Value Analyses of the Company and Iora, the Prospectus fails to disclose: (i) Morgan Stanley's basis for applying the multiples ranges used in the analyses; (ii) the net debt used in the analyses; and (iii) the individual inputs and assumptions underlying the discount rates.

34. With respect to Morgan Stanley's Discounted Cash Flow Analyses of the Company and Iora, the Prospectus fails to disclose: (i) the unlevered free cash flows used in the analyses and all underlying line items; (ii) the terminal values; (iii) the individual inputs and assumptions underlying the discount rates and perpetuity growth rates; and (iv) the net operating losses and cash from the future capital raises used in the analyses.

35. With respect to Morgan Stanley's Broker Price Targets Analysis, the Prospectus fails to disclose: (i) the price targets observed in the analysis; (ii) the sources thereof; and (iii) the individual inputs and assumptions underlying the discount rate.

36. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37. Third, the Prospectus fails to disclose material information regarding Morgan Stanley.

38. The Prospectus fails to disclose the circumstances under which Morgan Stanley will receive "up to an additional $2 million," and whether defendants intend to pay Morgan Stanley such fee.

39. The Prospectus also fails to disclose the timing and nature of the past services Morgan Stanley provided to the Company and its affiliates.

40. Fourth, the Prospectus fails to disclose whether the Company entered into any nondisclosure agreements that contained standstill and/or "don't ask, don't waive" provisions.

41. Fifth, the Prospectus fails to disclose the timing and nature of all communications regarding post-transaction employment, directorships, and benefits, including who participated in all such communications.

42. The omission of the above-referenced material information renders the Prospectus false and misleading.

43. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and 1Life

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants disseminated the false and misleading Prospectus, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. 1Life is liable as the issuer of these statements.

46. The Prospectus was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Prospectus.

47. The Individual Defendants were at least negligent in filing the Prospectus with these materially false and misleading statements.

48. The omissions and false and misleading statements in the Prospectus are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Prospectus and in other information reasonably available to stockholders.

49. The Prospectus is an essential link in causing plaintiff to approve the Proposed Transaction.

50. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

51. Because of the false and misleading statements in the Prospectus, plaintiff is threatened with irreparable harm.

## COUNT II

**Claim for Violation of Section 20(a) of the 1934 Act
Against the Individual Defendants, Merger Sub, and Iora**

52. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

53. The Individual Defendants, Merger Sub, and Iora acted as controlling persons of 1Life within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or Board members of 1Life and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Prospectus, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

54. Each of the Individual Defendants, Merger Sub, and Iora was provided with or had unlimited access to copies of the Prospectus alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Prospectus contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Prospectus.

56. Merger Sub and Iora also had supervisory control over the composition of the Prospectus and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Prospectus.

57. By virtue of the foregoing, the Individual Defendants, Merger Sub, and Iora violated Section 20(a) of the 1934 Act.

58. As set forth above, the Individual Defendants, Merger Sub, and Iora had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Prospectus that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: July 19, 2021

**RIGRODSKY LAW, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky
Timothy J. MacFall
Gina M. Serra
Vincent A. Licata
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: gms@rl-legal.com
Email: vl@rl-legal.com

*Attorneys for Plaintiff*